

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| UNITED STATES OF AMERICA | ) | Criminal No. 2:18cr_116_ |
|---|---|---|
| | ) | |
| v. | ) | 18 U.S.C. § 1343 |
| | ) | Fraud by Wire |
| | ) | (Count One) |
| RANDOLPH M. PRINCE | ) | |
| | ) | 26 U.S.C. § 7206(1) |
| | ) | Fraud and False Statement |
| | ) | (Count Two) |
| Defendant. | ) | |
| | ) | 18 U.S.C. §§ 981(a)(1)(C) & |
| | ) | 28 U.S.C. § 2461 |
| | ) | Criminal Forfeiture |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### INTRODUCTORY ALLEGATIONS

1. At all times relevant to this information, defendant RANDOLPH M. PRINCE ("PRINCE"), also known as "Kaz," was a Lieutenant in the United States Navy (USN) assigned to a Virginia Beach-based naval unit.

2. Virginia Beach, Virginia is in the Eastern District of Virginia.

3. At all times relevant to this information, PRINCE had authority to initiate purchase requests for equipment on behalf of his military unit.

4. The Defense Logistics Agency (DLA) is a Department of Defense (DOD) agency that provides supplies to the military services and otherwise supports defense procurement of military equipment.

1

5.      The DLA's "Prime Vendor" model is a government-contracting network that utilizes the private sector's logistical capabilities to simplify the purchasing process for the United States Government. The Prime Vendor model utilizes several discrete contracts and contracting programs through which approved private companies may compete with each other to contract with the government for goods.

6.      At all times relevant to this criminal information, the DOD and DLA also used an online goods-purchasing system known as Electronic Mall (E-Mall). E-Mall was an internet based ordering platform meant to provide a full service e-commerce site to find and acquire finished goods and services from the commercial marketplace.

7.      The General Services Administration (GSA) administers its own contracting mechanisms through which government agencies can procure goods.

8.      To initiate a procurement through any of the contracting mechanisms described above, USN supply personnel will normally solicit goods for his or her unit through vendors using E-Mall, or through requests for goods to prime vendors who are party to either a DLA, or GSA contract.

9.      If a vendor cannot directly supply the goods needed, then the vendor may sub-contract the business to another entity.

10.     Unit supply personnel, as representatives of the USN, should not contact a sub-vendor directly during the active bidding process, or direct that a vendor use a particular sub-vendor without official justification. Additionally, the E-Mall system may only be used to procure goods available on the E-Mall web platform.

11. Additionally, supply personnel do not direct specific prices for quotes made by sub-vendors to prime vendors, or otherwise manipulate the generation of a quote for goods through the vendor.

12. Contracting Firm 1 (Firm 1) and contracting Firm 2 (Firm 2) are DLA-approved vendors. For purposes of this criminal information, Firm 2 did business exclusively through E-Mall.

13. Contracting Firm 3 is a government-contracting firm and approved vendor through a GSA contract.

14. PRINCE had personal and professional connections with sales representatives at Firms 1, 2, and 3 through which he did business without adhering to proper government contracting procedures.

15. Specifically, PRINCE, through the aforementioned sales representatives, directed government contracts for military equipment from his command to specific sub-vendor companies, knowing that said sub-vendors would not fulfill their end of the given sub-contract.

# COUNT ONE

1. The allegations contained in the "Introductory Allegations" section of this criminal information are re-alleged and incorporated by reference as if fully set forth herein.

## THE SCHEME

2. From on or about March 2014, through on or about December 2015, the exact dates being unknown, in the Eastern District of Virginia, and elsewhere, the defendant, RANDOLPH M. PRINCE devised and intended to devise a scheme to defraud the United States Navy, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

3. The purpose of the scheme was for PRINCE and others to personally profit by steering USN sub-contracts for military equipment to specific sub-vendors, circumventing government contracting rules in doing so, and by certifying to the USN that the sub-vendors had fulfilled said sub-contracts when in fact they had not.

## THE WAYS, MANNER, AND MEANS OF THE SCHEME

The ways, manner and means of the scheme included, but were not limited to, the following:

1. It was part of the scheme for PRINCE to initiate purchase requests for military equipment for his unit, and to direct those purchases to sub-vendors of his choosing.

2. PRINCE knew that these sub-vendors would not fulfill these purchases, despite the sub-vendors receiving payment from the USN.

3. It was part of the scheme for PRINCE to direct business to the sub-vendors by using his connections at Firms 1, 2, and 3 as intermediary DLA or GSA-approved vendors.

4. As PRINCE knew, it was part of the scheme for his associates at a given sub-vendor, and those at Firms 1, 2, or 3, to circumvent the DLA and GSA contracting rules to ensure that sub-contracts would be steered to the desired sub-vendor.

5. For example, PRINCE knew that Firm 2 would utilize a practice known as "product substitution" whereby Firm 2 would ostensibly purchase "inert training aids" for PRINCE's unit from a sub-vendor under the guise that the purchase was for products available through Firm 2's approved E-Mall catalog (e.g., bags, or furniture). Once USN funds were released for the seemingly legitimate E-Mall purchase, Firm 2 would use those funds as a credit balance through which Firm 2 would purchase inert training aids from the sub-vendor of PRINCE's choosing.

6. It was a further part of the scheme that PRINCE would sign fraudulent delivery invoices or packing slips to make it appear as though the sub-vendors were legitimately delivering the ordered goods directly to his unit, when in fact they were not.

7. It was a further part of the scheme for PRINCE and his colleagues within the sub-vendor companies to take the USN money released for PRINCE's fraudulent purchases, and rather than provide the USN with goods, distribute the money amongst the perpetrators of the scheme for personal gain.

8. It was a further part of the scheme that PRINCE would typically receive his portion of the proceeds of the scheme by cash or check. At times, PRINCE would receive proceeds of the scheme via check from a "Pressley Enterprises," which is a company owned by a manager of a sub-vendor involved in the scheme.

9. It was part of the scheme that PRINCE, would use, and cause others to use, interstate wire communications, specifically, emails transmitted over the internet, to send

correspondence, purchase orders, sham packing slips and delivery invoices, other documents, and directions in furtherance of the scheme.

10. On or about October 27, 2014, in the Eastern District of Virginia, the defendant, for the purpose of executing the scheme described above, caused to be transmitted by wire communication in interstate commerce an email from his USN email account Randolph.Prince@navy.mil to a particular sub-vendor representative in Tucson, Arizona, stating "[Firm V] should be calling you today…need you to get the quote as close as possible to $168,014 without going over."

(In violation of Title 18, United States Code, Section 1343).

## COUNT TWO

1. The allegations contained in the "Introductory Allegations" section and Count One of this criminal information are re-alleged and incorporated by reference as if fully set forth herein.

2. On or about April 7, 2015, in Virginia Beach, Virginia, in the Eastern District of Virginia, the defendant, RANDOLPH M. PRINCE, did willfully make and subscribe an electronic Form 1040, United States Individual Income Tax Return, which was verified by a written declaration that it was made under the penalties of perjury and which RANDOLPH M. PRINCE did not believe to be true and correct as to every material matter. That Form 1040, which was electronically filed with the Internal Revenue Service, contained materially false information in that Line 22 of said Form stated that RANDOLPH M. PRINCE's total income was $194,467.00; whereas, as RANDOLPH M. PRINCE then and there well knew and believed, his total income was substantially higher, and that RANDOLPH M. PRINCE failed to include in the aforementioned Form 1040 $387,550.22 in income.

(In violation of Title 26, United States Code, Section 7206(1)).

## FORFEITURE

1. The defendant, if convicted of the violation alleged in count one of this information, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

3. The assets subject to forfeiture include, but are not limited to:

   a. A monetary judgment in the amount of not less than $429,550.22 representing the proceeds of Count One obtained by PRINCE.

(In accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).)

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: /s/ David A. Layne

David A. Layne
Special Assistant United States Attorney
Colorado State Bar No. 47989
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street, Norfolk, Virginia 23510
Office Number - 757-441-3221
David.Layne@usdoj.gov